```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

GARLAND and MANDI SCHLENKER,
Husband and Wife, and
KATHRYN DEJARNETTE                                    PLAINTIFFS


v.                          CASE NO. 13-6018


HOLLY SELLS, STEVEN CRAIN,
CANE CREEK CONCRETE SERVICES,
INC.; COSTA BRAVA PROPERTY
OWNERS ASSOCIATION and SKY TAPP                       DEFENDANTS

## ORDER

Now before the Court is the Motion to Dismiss and Alternative Motion to Remand to State Court and Alternative Motion to Remand Claims Against Defendants Sells, Cane Creek Concrete Services, Inc., Steven Crain and Costa Brava Property Owners' Association to State Court and supporting brief (docs. 26-27), Plaintiffs' Response (doc. 29), and Separate Defendant Sky Tapp's Response (doc. 32).

In their motion, Separate Defendants move to dismiss Plaintiffs' Complaint due to the lack of complete diversity of citizenship between Plaintiffs and Defendants. For their motion, Separate Defendants attach a copy of requests for admissions propounded by Plaintiffs to Defendants requesting Defendants to admit that Plaintiff Dejarnette is a resident and citizen of Arkansas. (Doc. 27-1). According to Separate Defendants, complete diversity does not exist for federal jurisdiction as Defendants are

also citizens of Arkansas.  In his response, Separate Defendant Sky Tapp agrees.  In their response, Plaintiffs fail to address Defendants' motion to dismiss for lack of diversity jurisdiction except for a single sentence stating that [t]his Court has original diversity jurisdiction.  (Doc. 29, ¶9).

Plaintiffs filed their Complaint on February 14, 2013, alleging this Court has diversity jurisdiction as the Schlenkers are residents and citizens of Kansas, Ms. Dejarnette is a resident and citizen of Louisiana, and Defendants are residents and citizens of Arkansas.  Be that as it may, when jurisdictional allegations are challenged, the plaintiff bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616 (8th Cir. 1986)(citation omitted).  Plaintiffs failed to do so in this case.

Accordingly, Separate Defendants' Motion to Dismiss (doc. 26) is GRANTED, and Plaintiffs' Complaint (doc. 1) is DISMISSED.  The Motion for Summary Judgment (doc. 23) filed by Separate Defendant Costa Brava Property Owners Association is DENIED AS MOOT, and the jury trial scheduled for the week of May 19, 2014 is CANCELED.

IT IS SO ORDERED this 14th day of April, 2014.

                                                  /s/ *Robert T. Dawson*
                                                Honorable Robert T. Dawson
                                                United States District Judge